UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, Jr.,<br>Booking No. 197347785,<br><br>                    Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                    Defendants. | Case No.: 3:20-cv-00163-JAH-AHG<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) (ECF No. 2)**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

      Plaintiff David B. Turner, Jr., currently detained at George F. Bailey Detention Facility in San Diego, California,[1] has filed a civil rights Complaint pursuant to 42 U.S.C.

---

[1] According to the San Diego County Sheriff's Department's website, Turner was last booked on June 4, 2019, has been sentenced, and is serving his prison term in San Diego Superior Court Case No. SCD282052 in local custody. *See* https://apps.sdsheriff.net/wij/wijDetail.aspx?BookNum=zRQs IHv WI OkylpP4ARqdZiQYVorV1xdJ7ApeWLojNrs%3d (last accessed Feb. 19, 2020). The Court may take judicial notice of public records available on online inmate locators. *See United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to

1

Section 1983. (*See* Compl., ECF No. 1).

Plaintiff claims that the County of San Diego, City of San Diego, City of El Cajon, Metropolitan Transit System, and Sheriff William D. Gore violated his state and federal constitutional rights and certain state statutes during four incidents on October 13, 2018, October 22, 2018, November 28, 2018, and June 4, 2019 and during a strip search on July 21, 2019. (*See id.* at 3-5.) Although the details are somewhat unclear, Plaintiff further alleges that after his arrest on November 28, 2018, County of San Diego or City of El Cajon officials took Plaintiff's unspecified personal property and did not return it to him when he was released. (*See id.* at 13.) Turner seeks $21 million each in compensatory and punitive damages. (*See id.* at 17.)[2]

Turner has not prepaid the civil filing fee required by 28 U.S.C. Section 1914(a); instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP"). (ECF No. 2).

## I. Motion to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty.*

---

the public); *see also Foley v. Martz*, No. 3:18-cv-02001-CAB-AGS, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator); *Graham v. Los Angeles Cnty.*, No. 2:18-cv-01126-PA (GJS), 2018 WL 6137155, at *2 (C.D. Cal. May 4, 2018) (taking judicial notice pursuant to Federal Rule of Evidence 201 of information regarding the status of inmate via the Los Angeles County Sheriff's Department's website and its inmate locator function).

[2] The Court also takes judicial notice of its own dockets on PACER which show Turner has filed more than thirty similar cases over the course of the last ten years, most of them alleging excessive force and the denial of medical care, and seeking monetary relief from the City and County of San Diego, County Sheriff's Department officials, and the Metropolitan Transit System or "MTS." *See* https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=3ee13dc867da42c1b64e13215b2a7397 (last accessed Feb. 19, 2020). A court may take judicial notice of its own records, *see Molus v. Swan*, No. 05cv452-MMA(WMc), 2009 WL 160937, *2 (S.D. Cal. 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

*Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners, like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. Section 1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended Section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (stating that under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule . . . ."). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-*

*Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When . . . presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido,* 928 F.3d. 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting Section 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. <u>Discussion</u>

1. **Imminent Danger Exception**

Plaintiff claims that the County of San Diego, City of San Diego, City of El Cajon, the Metropolitan Transit System, and Sheriff William Gore used unreasonable force or otherwise violated his constitutional rights in four incidents which took place on October 13, 2018, October 22, 2018, November 28, 2018, and June 4, 2019. On October 13, 2018, Plaintiff alleges that his hand was broken by unnamed deputies during an arrest at the Lemon Grove trolley station. (*See* Compl. at 4.) Soon thereafter on October 22, 2018, Plaintiff states that he was taken to the "County of San Diego mental health center," where he was placed in overly tight handcuffs, touched inappropriately by "harbor police," given several shots without his consent, and woke up without clothing or a cast for his broken hand. (*Id.* at 5.) On November 28, 2018, Plaintiff alleges that he was arrested by City of El Cajon police and Metropolitan Transit police, who placed overly tight handcuffs on his broken hand. (*Id.* at 13.) During booking for that arrest, Plaintiff alleges that jail officials took his unspecified personal property without creating a property slip and, when Plaintiff was released, refused to return that property. (*See id.*) On June 4, 2019, Plaintiff contends

that his face was "slam[m]ed into a wall at Central Jail . . . ." (*Id.* at 4.) In addition to these four incidents, Plaintiff also alleges that he was strip searched by deputies at the George F. Bailey on July 21, 2019. (*See id.* at 3.) Plaintiff claims that he experienced a skin injury from the strip search "that he received medical attention for." (*Id.*)

The allegations regarding the retention of Plaintiff's personal property "clearly [do] not involve an imminent danger of serious physical injury to [him]." *See Wilson v. Hubbard*, No. CIV S-07-1558 WBS GGH P, 2009 WL 2971619, at *2 (E.D. Cal. Sept. 11, 2009) (confiscation of personal property does not involve an "imminent danger"). The same is true of Plaintiff's allegation that he was strip searched on July 21, 2019, approximately six months before the Complaint was filed. (*See* Compl. at 3.) Although Plaintiff states that the strip search "cause[d] skin injury," he also explains that he "received medical care" for the injury and does not take issue with that care or assert that any imminent danger of serious physical injury from this incident existed at the time he filed the Complaint. (*See id.*)

Plaintiff's allegations regarding the four remaining incidents also fail to plausibly suggest he was in imminent danger of serious physical injury at the time he filed the Complaint. *See Cervantes*, 493 F.3d at 1055. These incidents occurred months (and in most cases more than a year) prior to filing the Complaint, and happened either prior to incarceration or at facilities other than the one where Plaintiff was housed at the time of filing. *See id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."); *see also Turner v. Allison*, No. 18-cv-02061-YGR (PR), 2019 WL 1230437, at *2 (N.D. Cal. Mar. 15, 2019) ("None of these alleged incidents of excessive force occurred at the prison[] where Plaintiff was incarcerated at the time he filed his complaint . . . ."); *Bontemps v. Smith,* No. CV 15-8226-JFW (SP), 2016 WL 10894023, at *3 (C.D. Cal. Nov. 18, 2016) (finding a single incident of excessive force at another prison, occurring more than a year before filing insufficient to satisfy 28 U.S.C. Section 1915(g)'s exception for imminent danger of

serious physical injury), *aff'd*, 708 F. App'x 360 (9th Cir. 2017); *Thomas v. Ellis*, No. 12-cv-05563-CW(PR), 2015 WL 859071, at *3 (N.D. Cal. Feb. 26, 2015) (finding no "imminent danger" where prisoner's injuries occurred before incarceration). Nor do Plaintiff's allegations of ongoing pain establish an imminent danger of serious physical injury. *See Dustin v. Kern Valley State Prison Personnel*, No. 1:19-cv-00989-LJO-SAB (PC), 2019 WL 6463991, at *1 (E.D. Cal. Dec. 2, 2019) (allegations of lingering pain caused by "injur[y] in the past by one or more former cellmates and a porter do not establish that [plaintiff] was in imminent danger of serious physical injury at the time he filed his complaint." (collecting cases)); *Stewart v. Lystad*, No. 2:16-CV-01439-BHS-JRC, 2016 WL 6816278, at *3 (W.D. Wash. Oct. 14, 2016) (finding prisoner's claims of "intractable" foot pain, and an alleged inability to "work out, fall asleep, work, stand for long periods or walk long distances" insufficient to satisfy Section 1915(g)'s "imminent danger" exception), *report and recommendation adopted*, 2016 WL 6805339 (W.D. Wash. Nov. 17, 2016). Additionally, although Plaintiff argues that the use of overly tight handcuffs in his arrests and at past and future court dates causes injuries and places him in imminent danger, *see* Compl. at 4, the Court agrees with other courts that have found such allegations conclusory, speculative, and not severe enough to plausibly allege imminent danger of serious physical harm. *See Bontemps v. Baker*, No. 2:16-CV-2814-MCE-CMK, 2018 WL 4095922, at *2 (E.D. Cal. Aug. 28, 2018) ("The court finds that the injuries alleged to have been sustained as a result of incorrect placement of handcuffs is not severe enough to rise [to the] level of imminent danger of serious physical injury."); *Shove v. McDonald*, No. 14-cv-02903-JD, 2015 WL 5693730, at *3 (N.D. Cal. Sept. 29, 2015) (rejecting allegations that prison's use of handcuffs caused plaintiff to fall down stairs, cut his wrist, and cause undue pressure as conclusory and overly speculative).

Therefore, the Court finds Plaintiff's Complaint contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

///

### 2. Three Strikes

While Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *See Andrews*, 398 F.3d at 1119-20. That is the case here.

A court may take judicial notice of its own records*, see Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Based on a review of its own dockets, the Court finds that Plaintiff David B. Turner, Jr., currently identified under San Diego County Booking No. 197347785, and previously identified under San Diego County Sheriff's Department Booking No. 13719099, Booking No. 15780644, and CDCR Inmate #G-30643, while incarcerated, has had at least five prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

(1) *Turner v. Metropolitan Transit System, et al.*, No. 3:09-cv-00770-L-POR (S.D. Cal. Nov. 11, 2009) (Order denying amended motion to proceed IFP and dismissing amended complaint for failing to state a claim pursuant to 28 U.S.C. Section 1915(e)(2)(B) and Section 1915A(b) (ECF No. 6)) (strike one);

(2) *Turner v. Corporal Saunder (7294), et al.*, No. 3:13-cv-01368-MMA-DHB (S.D. Cal. June 18, 2013) (Order dismissing action as frivolous pursuant to 28 U.S.C. Section 1915A(b) and denying motion to proceed IFP as moot (ECF No. 3)) (strike two);

7

3:20-cv-00163-JAH-AHG

(3) *Turner v. County of San Diego, et al.*, No. 3:13-cv-2288-LAB-RBB (S.D. Cal. July 11, 2014) (Order sua sponte dismissing First Amended Complaint for failing to state a claim and as frivolous pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b) (ECF No. 7)), No. 14-56249 (9th Cir. Nov. 11, 2014) (Order denying appellant's motion to proceed IFP "because we find that there is no non-frivolous issue presented in this appeal" (ECF No. 13)) (strike three);

(4) *Turner v. San Diego County, et al.*, No. 3:13-cv-02729-JLS-PCL (S.D. Cal. Nov. 19, 2014) (Order granting IFP and sua sponte dismissing First Amended Complaint for failing to state a claim pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii) and Section 1915A(b)(1) (ECF No. 13)); (March 20, 2015 Order dismissing case in its entirety for failing to state a claim pursuant to pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii) and Section 1915A(b)(1) and for failing to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with Court Order requiring amendment (ECF No. 14)) (strike four);[3] and

(5) *Turner v. San Diego County, et al.*, No. 15-55544 (9th Cir. July 30, 2015) (Order denying appellant's motion to proceed IFP "because we find that the appeal is frivolous" (ECF No. 4)) (strike five).[4]

Accordingly, because Plaintiff has, while incarcerated, accumulated at least four "strikes" as defined by Section 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. Section 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see*

---

[3] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

[4] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee.").

*also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. Conclusion and Orders

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. Section 1915(g);

(2) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. Section 1914(a);

(3) **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. Section 1915(a)(3); and

(4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: February 25, 2020

Hon. John A. Houston
United States District Judge